IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEMBULK HOUSTON PTE. LTD. and | § | |
| CHEMBULK MANAGEMENT, LLC, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| M/V MONTE ALEGRE, her engines, | § | C.A. No. 4:15-cv-00714 |
| tackle, apparel, etc., *in rem*, | § | Admiralty 9(h) |
| CONTAINERSCHIFFSREEDEREI MONTE | § | |
| ALEGRE GMBH & CO. KG and | § | |
| COLUMBUS SHIPMANAGEMENT | § | |
| GMBH, *in personam*, | § | |
|     Defendants. | § | |

## PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, Chembulk Houston Pte. Ltd. and Chembulk Management, LLC, and file their First Amended Verified Complaint against the M/V MONTE ALEGRE, her engines, tackle, etc., *in rem* and their registered owners and managers, *in personam*, ("MONTE ALEGRE") and would respectfully show as follows:

### JURISDICTION

1.      This Court has admiralty jurisdiction under 28 U.S.C. § 1333 and Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### PARTIES AND SERVICE OF SUMMONS

2.      Plaintiffs, Chembulk Houston Pte. Ltd. and Chembulk Management, LLC are entities organized under the laws of foreign states. Chembulk Houston Pte. Ltd.'s principal place

of business is 39 Robinson Road #17-01 Singapore 068911.   Chembulk Management, LLC's principal place of business is The Delamar, 175 Rennell Drive, Southport, CT 06890-1491. Plaintiff Chembulk Houston Pte. Ltd. is the registered owner of the CHEMBULK HOUSTON ("CHEMBULK HOUSTON") (IMO No. 9285469).  Plaintiff Chembulk Management, LLC is the ship manager for the CHEMBULK HOUSTON.

3.      Defendant M/V MONTE ALEGRE (IMO No. 9348065), *in rem*, is a German flagged towing vessel. The Court has jurisdiction over the vessel *in rem* as the vessel is or will be in the jurisdiction of this District during the pendency of this action.

4.      Defendants Containerschiffsreederei MS Monte Alegre GmbH & Co. KG as Owners of the M/V MONTE ALEGRE and Columbus Shipmanagement GmbH as Managers of the M/V MONTE ALEGRE are foreign business entities organized under the laws of a foreign state.  Monte Alegre defendants may be served with process pursuant to the Hague Convention on Service of Process at Willy Brandt Strasse 59-61, 20457 Hamburg, Germany.

FACTS

5.      On March 5, 2015, the MONTE ALEGRE and CHEMBULK HOUSTON were in bound in the Houston Ship Channel.  Both vessels had a Houston Pilot on board.  The two Pilots conferred and agreed that since the MONTE ALEGRE was proceeding at a slowed speed due to a delay of tugs being available for berthing, the CHEMBULK HOUSTON would overtake the MONTE ALEGRE on its port side.   The overtaking was commenced at approximately 1310 hours and proceeded flawlessly until just before it was completed.  Then, in violation of Rule 17 of the Inland Navigation Rules, the MONTE ALEGRE increased its speed.  This violation resulted in preventing the CHEMBULK HOUSTON from completing the overtaking and

drastically changed the conditions which solely caused the CHEMBULK HOUSTON to collide with the MONTE ALEGRE.

6.    The collision caused extensive damage to the CHEMBULK HOUSTON.

7.    At all times, the CHEMBULK HOUSTON was properly navigating in the Houston Ship Channel and complying with all relevant rules and agreements. The sole cause of its contact with the MONTE ALEGRE was the MONTE ALEGRE improperly increasing its speed.

### NEGLIGENCE UNDER GENERAL MARITIME LAW

8.    The M/V MONTE ALEGRE and her owner and operator owed Plaintiffs a legal duty under the general maritime law to observe the standards of good and prudent seamanship and exercise reasonable care when navigating the ship channel to avoid the risk of a collision. The M/V MONTE ALEGRE and her owner and operator also had a statutory duty to follow navigational rules of the road to maintain course and speed during the agreed overtaking. Defendants breached these duties by failing to maintain a proper lookout, failing to navigate the channel at a safe speed, being unaware of changes in speed, failing to use all available means to avoid the risk of a collision and other acts of negligence which will be shown more particularly at trial. These acts and omissions on the part of Defendants caused the collision between the M/T CHEMBULK HOUSTON and M/V MONTE ALEGRE and caused damage to the Plaintiffs.

### DAMAGES

9.    As a result of negligence on the part of Defendants M/V MONTE ALEGRE, *in rem*, her owner and operator, *in personam*, Plaintiffs sustained money damages in excess of $3,000,000.00 representing the cost to repair the M/T CHEMBULK HOUSTON, loss of hire,

surveying costs, cargo loss, additional operating costs and interest which remain unpaid and continue to accrue as of the filing of this suit.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this honorable Court enter judgment against Defendants for the amount of Plaintiffs' claim including prejudgment interest, post-judgment interest, court costs, and all other relief as justice and equity allow.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 -- Fax
durham@easthamlaw.com - Email

*Attorneys for Plaintiffs, Chembulk Houston Pte. Ltd. and Chembulk Management, LLC*

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

## VERIFICATION

1.      I am a member of the law firm Eastham, Watson, Dale & Forney, L.L.P., counsel for the Plaintiff.

2.      The facts alleged in the foregoing Complaint are true and correct based upon my information and belief.  The basis of my information and belief is the information from Plaintiffs, Chembulk Houston Pte. Ltd. and Chembulk Management, LLC, and from reviewing various documents and materials provided by Plaintiffs.

3.      The authorized officers of Plaintiffs are not readily available in this District to make verifications on Plaintiffs' behalf.  I am authorized to make this Verification on Plaintiffs' behalf.

4.      Pursuant to Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, I verify that the facts alleged in the foregoing Complaint are true and correct.



_____
William A. Durham

        SWORN TO AND SUBSCRIBED TO BEFORE ME under my hand and official seal of office this 18th day of March, 2015.

CAROL HENDRICKS
Notary Public
STATE OF TEXAS
My Comm Exp. Mar. 31, 2018

_____
Notary Public, State of Texas

22682: 5PCLH3131.WAD                          5