IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEMBULK HOUSTON PTE. LTD. and CHEMBULK MANAGEMENT, LLC,<br> Plaintiffs,<br><br>VS.<br><br><br>M/V MONTE ALEGRE her engines, tackle, apparel, etc., *in rem*, CONTAINERSCHIFFSREEDEREI MS MONTE ALEGRE GMBH & CO. KG and COLUMBUS SHIPMANAGEMENT GMBH, *in personam*,<br> Defendants. | § § § § § § § § § § § § § § § § § | C. A. No. 4:15-cv-00714<br>Rule 9(h) - Admiralty |

## ANSWER AND VERIFIED COUNTERCLAIM

TO THE HONORABLE DAVID HITTNER:

COMES NOW Containerschiffsreederei MS Monte Alegre GmbH & Co. KG, solely in its capacity as claimant to the M/V MONTE ALEGRE ("Vessel Claimant"), and files its Answer to Plaintiffs' First Amended Verified Complaint, followed by its Verified Counterclaim against the M/T CHEMBULK HOUSTON, her engines, tackle, etc., *in rem*, and against Chembulk Houston Pte. Ltd. and Chembulk Management, LLC, *in personam*, and respectfully would show:

## FIRST DEFENSE

Vessel Claimant specifically invokes the defenses available under Rule 12(b) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

In reference to the specific allegations of the First Amended Complaint, and subject to the First Defense above, Vessel Claimant would show as follows:

### I.

The allegations contained in Paragraph 1 of the First Amended Complaint are admitted.

### II.

The allegations contained in Paragraph 2 of the First Amended Complaint do not pertain to Vessel Claimant and require no response.

### III.

Regarding the allegations in Paragraph 3 of the First Amended Complaint, Vessel Claimant admits the M/V MONTE ALEGRE is German flagged, her IMO number is 9348065, and that this Court has jurisdiction over the ship *in rem* by virtue of a Letter of Undertaking issued as a substitute for the ship. The remaining allegations in Paragraph 3 of the First Amended Complaint are denied.

**IV.**

Regarding the allegations against this entity in Paragraph 4 of the First Amended Complaint, Vessel Claimant admits that the company is a foreign business entity located in Germany and therefore it must be served with process on any *in personam* claim through the Hague Convention. The remaining allegations that pertain to this entity in Paragraph 4 of the First Amended Complaint are denied. The allegations in Paragraph 4 that do not pertain to this entity require no response. To the extent a response is necessary, the allegations are denied.

**V.**

Vessel Claimant admits that on March 5, 2015, the M/V MONTE ALEGRE and the M/T CHEMBULK HOUSTON were inbound in the Houston Ship Channel. Vessel Claimant denies the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

**VI.**

Vessel Claimant denies the allegations contained in Paragraph 6 of the First Amended Complaint.

**VII.**

Vessel Claimant denies the allegations contained in Paragraph 7 of the First Amended Complaint.

## VIII.

Vessel Claimant denies the allegations contained in Paragraph 8 of the First Amended Complaint.

## IX.

Vessel Claimant denies the allegations contained in Paragraph 9 and the prayer for relief of the First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. The collision between the M/T CHEMBULK HOUSTON and the M/V MONTE ALEGRE on or about March 5, 2015, was not caused or contributed to by any fault, negligence or breach of any duty on the part of the M/V MONTE ALEGRE, her crew and/or Pilot, but was caused solely by the negligence, fault or unseaworthiness of the M/T CHEMBULK HOUSTON, her crew and/or Pilot.

2. The acts and omissions complained of in the First Amended Complaint, if proven, were the acts and omissions of the M/T CHEMBULK HOUSTON, her crew and/or Pilot.

3. Plaintiffs have failed to adequately and/or properly mitigate their damages, if any.

4. Vessel Claimant claims the benefit of exoneration or limitation of liability under 46 U.S.C. §§ 30501, *et seq.*, and the various statutes supplementary

thereto and amendatory thereof.

5. Vessel Claimant would show as a defense the Compulsory Pilot Rule. *Kim Crest, S.A. v. M/V SVERDLOVSK*, 753 F. Supp. 642 (S.D. Tex. 1990).

6. Vessel Claimant would show that Plaintiffs committed statutory violations, including, but not limited to violations of the Inland Navigation Rules, and Vessel Claimant therefore invokes the rule of *The Pennsylvania*, 86 U.S. 125 (1873), as well as *The Louisiana*, 3 Wall. (70 U.S.) 164 (1866), and *The Oregon*, 158 U.S. 186 (1895).

7. Vessel Claimant would show that no act or omission of the M/V MONTE ALEGRE, her crew and/or Pilot were a proximate or producing cause, in whole or in part, of the incident.

8. Vessel Claimant invokes the rule of proportionate responsibility, to the extent required, as enunciated in *United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975).

9. Vessel Claimant will rely on any and all further defenses that become known to it between now and the time of trial, or which may be justified by the evidence at trial.

## **VERIFIED COUNTERCLAIM**

COMES NOW Vessel Claimant Containerschiffsreederei MS Monte Alegre

GmbH & Co. KG, and for cause of action would show:

## I.

Vessel Claimant would show that the incident made the basis of this lawsuit was a direct result and sole consequence of the negligence or other fault of Chembulk Houston Pte. Ltd and/or Chembulk Management, LLC, *in personam*, and the M/T CHEMBULK HOUSTON, *in rem*, in one or more of the following respects:

1. the M/T CHEMBULK HOUSTON, her crew and/or Pilot lost and/or failed to maintain proper control and steering of the vessel which caused the incident in question;

2. the crew of the of the M/T CHEMBULK HOUSTON failed to promptly and timely deploy anchors or bring the ship to a controlled stop after steerage or control of the vessel was lost;

3. the M/T CHEMBULK HOUSTON, her crew and/or Pilot failed to avoid making contact with the M/V MONTE ALEGRE;

4. the M/T CHEMBULK HOUSTON was carelessly and negligently navigated at an unsafe speed, without taking into account all of the navigational conditions and forces to be considered by a competent navigator;

5. the M/T CHEMBULK HOUSTON and her crew failed to timely and

properly follow the instructions of her Pilot and/or Master;

6. the M/T CHEMBULK HOUSTON, her crew and/or Pilot failed to follow the applicable rules of navigation, port regulations and customs, and customary rules of proper seamanship to avoid making contact with the M/V MONTE ALEGRE, including but not limited to failing to keep out of the way of the M/V MONTE ALEGRE;

7. the M/T CHEMBULK HOUSTON, her crew and/or Pilot failed to take appropriate actions to properly execute the navigational agreements into which she entered during her passage in the channel;

8. the M/T CHEMBULK HOUSTON was unseaworthy and manned by an inadequate, incompetent or inexperienced crew;

9. the incident and alleged damages were not caused or contributed to by any fault or neglect on the part of the M/V MONTE ALEGRE, her crew and/or Pilot, but on the contrary, were wholly caused by the fault, neglect, and lack of proper care on the part of the M/T CHEMBULK HOUSTON and Plaintiffs, and any others in charge of that vessel; and

10. Vessel Claimant reserves the right to amend or supplement these pleadings to allege further facts and claims as they become known.

## II.

As a result of the collision, Vessel Claimant sustained physical, economic and related damages, as the M/V MONTE ALEGRE will need temporary and permanent repairs, and Vessel Claimant has and will incur transshipment costs, layberth fees, shifting costs, costs for Pilots and tugs, lost earnings and/or lost production, and other related expenses for the time the M/V MONTE ALEGRE was and will be out of service due to the incident. As best as can be determined, Vessel Claimant has sustained and will sustain in the future damages in excess of $8,000,000.00, including costs of repair, delay, loss of hire, survey fees, overhead and related expenses.

Upon the foregoing premises, Vessel Claimant is entitled to recover its full damages available under law from Plaintiffs, *in personam*, and the M/T CHEMBULK HOUSTON, *in rem*, plus costs of court, prejudgment interest and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, Containerschiffsreederei MS Monte Alegre GmbH & Co. KG, solely in its capacity as Vessel Claimant, prays: (1) that Plaintiffs' Complaint be dismissed with prejudice, (2) that Plaintiffs and the M/T CHEMBULK HOUSTON be held solely responsible for Vessel Claimant's damages, (3) that Vessel Claimant have judgment against Plaintiffs, *in*

*personam*, and the M/T CHEMBULK HOUSTON, *in rem*, for all damages incurred by Vessel Claimant, including costs of court, pre-judgment interest and post-judgment interest, and (4) for such other relief to which it may be justly entitled.

        Respectfully submitted,

By: */s/ Richard L. Gorman*
    Richard L. Gorman
    State Bar No. 00784155
    Federal Bar No. 15685
    12335 Kingsride Ln. #354
    Houston, Texas 77024-4116
    Telephone: (832) 725-4026
    Facsimile: (713) 239-1020
    Email: rg@richardgormanlaw.com
    Attorney for Vessel Claimant
    Containerschiffsreederei MS Monte
    Alegre GmbH & Co. KG

OF COUNSEL:

RICHARD GORMAN LAW

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, personally appeared Richard L. Gorman, who, after being sworn upon his oath, deposes and says:

1. I am the owner of Richard Gorman Law and the attorney-in-charge in this action for the Vessel Claimant Containerschiffsreederei MS Monte Alegre GmbH & Co. KG.

2. I have read the foregoing Counterclaim and state that the contents thereof are true and correct to the best of my knowledge, information and belief.

3. The source of my information and the grounds for my belief are the documents and information provided to me by the master of the M/V MONTE ALEGRE, and obtained through the investigation conducted by the United States Coast Guard and National Transportation Safety Board.

_____
Richard L. Gorman

SUBSCRIBED AND SWORN TO BEFORE ME this  31st  day of March 2015.

RENATA RACHELLE DURON
Notary Public, State of Texas
My Commission Expires
November 18, 2017

_____
Notary Public in and for
the State of Texas

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2015, a copy of the foregoing was served on the following counsel:

William A. Durham
Eastham, Watson, Dale & Forney, L.L.P.
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas 77002
***By Notice of Electronic Filing***

/s/ *Richard L. Gorman*
Of Richard Gorman Law

01851/answer and counterclaim.03/31/15