UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEMBULK HOUSTON PTE. LTD, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-714 |
| | § | |
| M/V MONTE ALEGRE, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs Chembulk Houston Pte. Ltd. and Chembulk Management, LLC's ("Chembulk Interests") bill of costs. Dkt. 83. Defendants M/V MONTE ALEGRE, Monte Alegre GmbH & Co. KG, Columbus Shipmanagement GmbH, and Countainerschiffsreederei MS Monte Alegre GmbH & Co. KG ("Monte Alegre Interests") object. Dkt. 84. Having reviewed the objections, related documents in the record, and applicable law, the court is of the opinion that the Monte Alegre Interests' objections should be SUSTAINED IN PART and OVERRULED IN PART.

**I. BACKGROUND**

On June 7, 2018, the court granted judgment in favor of the Chembulk Interests. Dkt. 81. The Chembulk Interests seek to recover $31,296.63 in costs. Dkt. 83. They seek $400 in costs for fees of the clerk, $1,425.00 in costs for service of summons and subpoena, $25,846.80 in costs for printed or electronically recorded transcripts, and $3,624.83 in costs for copying. *Id.*

The Monte Alegre Interests object to $17,045.42 of the costs that the Chembulk Interests requests. Dkt. 84. Specifically, they object to the $1,425.00 requested for service of summons and subpoena. *Id.* They also object to the $3,624.83 requested for copying costs. *Id.* They further

object that the costs of sheet protectors, binders, scanning, oversize prints, and tabs are not recoverable under 28 U.S.C. § 1920. Dkt. 88.

In their response, the Chembulk Interests acknowledge that the costs for binders, sheet protectors, and tabs should not be included their total copying costs. Dkt. 85. The Monte Alegre Interests' reply agrees and continues to argue that many of the submitted copying costs are not recoverable under 28 U.S.C. § 1920. Dkt. 88. The Monte Alegre Interests also argue that inadequate descriptions and duplicate charges are contained within the copying invoices. *Id.*

Finally, the Monte Alegre Interests object to $11,995.50 of the court reporter and videographer fees, arguing that the shipping, transportation, meals, and lodging of the court reporter and videographer are not specifically enumerated expenses that are recoverable under 28 U.S.C. § 1920. Dkt. 84. In their response, the Chembulk Interests acknowledge that the transportation, lodging, and meals are not recoverable under 28 U.S.C. § 1920 and have reduced the amount requested by $2,735.09 to a total of $23,111.71. Dkt. 85.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Absent objections, the clerk may tax the costs fourteen days after the prevailing party notifies the clerk of its costs. *Id.* Under 28 U.S.C. § 1920, the judge or clerk may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under [28 U.S.C. § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920. A district court may decline to award costs listed in the statute, but may not award costs omitted from the list. *Cook Children's Med. Ctr. v. New Eng. PPO Plan*, 491 F.3d 266, 274 (5th Cir. 2007). Expenses not authorized by the statute or a contract must be borne by the party incurring them. *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (Lake, J.) (citing *Crawford Fitting Co. v. J.T. Gibbobs, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494 (1987)).

If the party being taxed does not specifically object to a cost, there is a presumption that the cost was necessarily incurred for use in the case and will be taxed. *Id.* "However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." *Id.* (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)). Any proof offered as to whether the challenged amount was necessarily incurred in the case "must be strictly construed." *Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, CIV. A. H-07-2684, 2009 WL 1457632, at *3 (S.D. Tex. May 26, 2009) (citing *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)).

### III. ANALYSIS

The Chembulk Interests seek $400 in costs for fees of the clerk, $1,425.00 in costs for service of summons and subpoena, $3,624.83 in costs for copying, and $23,111.71 in costs for printed or electronically recorded transcripts. Dkt. 83. The Monte Alegre Interests object to costs for the service of summons and subpoena, part of the costs for copying, and the shipping and daily costs of

3

the court reporter and videographer. Dkt. 88. The court will address each of the Monte Alegre Interests' objections in turn.

A.     **Costs for the Service of Summons and Subpoena**

The Chembulk Interests request $1,425.00 in costs for service of summons and subpoena. Dkt. 85. The Monte Alegre Interests object to these costs because the Chembulk Interests incurred them by using a private process server. Dkt. 84. The Monte Alegre Interests correctly allege that costs for a private process server are not recoverable absent a showing of exceptional circumstances, which they argue are not present here. *Id.*; *see Baisden*, 793 F. Supp. 2d at 974–75 (citing *Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010)). The Monte Alegre Interests maintain that a defendant's counsel refusing to accept service does not amount to exceptional circumstances. Dkt. 88. Further, they contend that a foreign entity not agreeing to accept service outside of what is required by the Hague Convention does not amount to exceptional circumstances. *Id.* Finally, they argue that service of process under the Hague Convention does not require the use of a private process server. *Id.*

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") is a multilateral treaty that was formed in order to "simplif[y] and expedit[e] international service of process." *Compass Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012); *see also Nuovo Spgnone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 383 (5th Cir. 2002). As a ratified treaty, compliance with the Hague Convention is "mandatory in all cases to which it applies." *Compass Bank*, 287 F.R.D. at 394 (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S. Ct. 2104, 2107 (1988)). It serves as "the exclusive means of valid service" for entities in countries that are signatories to it. *Schlunk*, 486 U.S. at 705, 706. Under Rule 4(f)(1) of the Federal Rules of Civil Procedure, the Monte Alegre Interests

4

may be served in compliance with the procedures enumerated under the Hague Convention. Fed. R. Civ. P. 4(f)(1).

The Chembulk Interests seek $1,425.00 in costs for the use of a private process server. Because both Germany and the United States are signatories to the Hague Convention and the Monte Alegre Interests have not waived their right to service under the Hague Convention, the Monte Alegre Interests may be served through Hague Convention procedures under Federal Rule 4(f). Hague Conference on Private International Law, *Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=29 (last visited July 24, 2018) (noting Germany and the United States as signatories of the Hague Convention beginning in 1955 and 1964, respectively). Under the terms of the Hague Convention, private process servers are not required. Hague Conference on Private International Law, *14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (last visited July 24, 2018). The Chembulk Interests have not met their burden to prove that service on a foreign entity, as legally provided by the Hague Convention, amounts to exceptional circumstances requiring the use of private process servers. As such, the fees that the Chembulk Interests incurred for a private process server are not recoverable under 28 U.S.C. § 1920(1). The Monte Alegre Interests' objection to $1,425.00 of the costs for fees for service of summons and subpoena is SUSTAINED.

**B.    Costs for Copying**

The Chembulk Interests request an amended total of $3,443.33 for the costs of making copies. Dkt. 85. The Chembulk Interests have provided an affidavit from their counsel of record, William A. Durham, stating that all copies were necessarily obtained for use in this case. Dkt. 85-1. Specifically, the affidavit identifies the purpose and types of documents as: (1) charges for the initial

document production; (2) documents presented during the taking of depositions; and (3) copies made in preparation of trial. Dkt. 84; Dkt. 85-1. The Monte Alegre Interests object to these costs, arguing that the copy invoices do not contain adequate explanations relating them to the litigation. Dkt. 88. Additionally, the Monte Alegre Interests object that the costs attributed to sheet protectors, binders, scanning, oversize prints, tabs, and flash drives are not recoverable costs under 28 U.S.C. § 1920. *Id.*

In the Fifth Circuit, copies necessarily obtained for use in the case "are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286. While a party seeking to recover photocopying costs "need not itemize . . . or describe with absolute specificity each and every page copied," the Fifth Circuit does require "more than a blanket assertion of photocopying costs." *Oldham v. Thompson/Ctr. Arms Co.*, No. 4:12-CV-2432, 2014 WL 1794861, at *2–3 (S.D. Tex. May 5, 2014); *see* 28 U.S.C. § 1920(4); *Fogleman*, 920 F.2d at 286 ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation."); *Kellogg Brown*, 2009 WL 1457632, at *6 (denying requested photocopying costs where movant provided only a spreadsheet without descriptions of what was copying or why, and explaining that some information of the "types or categories of documents copied and the reason for the copies" must be furnished).

Here, the Chembulk Interests provide invoices in which some items have descriptions and others do not. The Chembulk Interests' affidavit alone does not sufficiently explain how each invoiced item was reasonably necessary to the litigation. *See Kellogg Brown*, 2009 WL 1457632, at *3. As such, each invoice must be reviewed independently.

6

Pages 2–3 contain $45.36 attributed to "Trial Exhibits: Reproduction Cost" (item 23). Dkt. 83-1 at 2–3. Per the Chembulk Interests' agreement with the Monte Alegre Interests, this charge shall be reduced by 50% to account for the payment already made by Monte Alegre Interests. *See* Dkt. 83-1 at 8; Dkt. 88 at 4. The remaining $805.98 in costs are attributed to general "Reproduction Cost" with no meaningful descriptions. *Id.* Accordingly, the court finds that $22.68 in charges on pages 2–3 were sufficiently described and reasonably necessary for the litigation. The remaining $805.98 shall not be included due to inadequate explanations relating them to this litigation.

Pages 4–5 contain $1,142.25 attributed to various costs relating to trial depositions and exhibits (items 5, 6, 7, 8, 10, 11, and 16). Dkt. 83-1 at 4–5. The remaining $405.14 in costs are attributed to general "Color copies/prints" with no meaningful descriptions. *Id.* The court finds that $1,142.25 in charges on pages 4–5 were sufficiently described and reasonably necessary for the litigation. The remaining $405.14 shall not be included due to inadequate explanations relating them to this litigation.

Pages 6–7 contain $408.00 attributed to miscellaneous binders, scanning, sheet protectors, and tabs, which are non-recoverable under 28 U.S.C. § 1920. Dkt. 83-1 at 6–7. It also contains $45 attributed to "Prints - Color Oversize."[1] *Id.* Absent pretrial approval or statutory authority, a party cannot recover costs for demonstrative exhibits. *Baisden*, 793 F. Supp. 2d at 986. The court did not pre-approve these demonstrative exhibits, and the Chembulk Interests have not cited statutory authority for the charge. Thus, these costs are also non-recoverable. Finally, the invoice contains $1,212.98 in charges for color and black & white copies with no other meaningful descriptions. Dkt.

---

[1] The court assumes that these costs refer to demonstrative exhibits. If not, then these costs are insufficiently explained and shall not be considered.

83-1 at 6–7. This $1,212.98 shall not be included in the charges taxed due to inadequate explanations relating them to this litigation.

Page 8 contains wiring instructions that stipulate that the Chembulk Interests are responsible for 50% of those charges listed on that page. Dkt. 83-1 at 8. The charges listed are copies of charges contained in other invoices. *Id.* However, there is an additional $40 charge for four flash drives, which are non-recoverable under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920. Because the charges on page 8 are either duplicated on other invoices or non-recoverable under 28 U.S.C. § 1920, they shall not be taxed.

Page 9 contains $324.75 attributed to "Prints - Color Oversize."[2] Dkt. 83-1 at 8. As stated above, a party cannot recover costs for demonstrative exhibits absent pretrial approval or statutory authority. *Baisden*, 793 F. Supp. 2d at 986. Pretrial approval was not obtained and the Chembulk Interests have not cited statutory authority for this charge. Therefore, this charge shall not be taxed.

Per the above, the court finds that the Chembulk Interests have met their burden of showing that $1,164.93 was reasonably necessary for the litigation. The remaining charges are either non-recoverable under 28 U.S.C. § 1920 or lack meaningful explanations relating them to this litigation. As such, they will not be taxed. Accordingly, the Monte Alegre Interests' objection is SUSTAINED IN PART and OVERRULED IN PART. The clerk shall tax $1,164.93 in copying costs.

**C.     Costs for Depositions and Testimony**

The Monte Alegre Interests and the Chembulk Interests agree that the costs of depositions and video transcripts are allowed under 28 U.S.C. § 1920(2). Dkt. 85 at 6; Dkt. 84 at 3. The Chembulk Interests also agree that costs associated with the court reporter and videographer's

---

[2] Like on pages 6–7, the court assumes that these costs refer to demonstrative exhibits. If not, then these costs are insufficiently explained and shall not be considered.

transportation, lodging, and meals are not recoverable under 28 U.S.C. § 1920. As such, the Chembulk Interests have eliminated those costs, reducing the total invoice on page 4 by $2,735.09. Dkt. 83-3 at 4. The remaining expenses objected to total $23,111.71.

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable costs. 28 U.S.C. § 1920(2). Deposition attendance fees are "necessary in order to obtain deposition copies for use at trial." *Zubarik v. Rubloff Dev. Grp., Inc.*, 3:05-CV-1491-P, 2007 WL 9712170, at *3 (N.D. Tex. Sept. 4, 2007), *aff'd*, 322 F. App'x. 388 (5th Cir. 2009). The court will include attendance fees in the calculation of costs for the court reporter and videographer, provided that such costs were necessarily incurred for use in the case. "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Crevier-Gerukos v. Eisai, Inc.*, Civ. A. No. H-11-0434, 2014 WL 108730, at *1 (S.D. Tex. Jan. 9, 2014) (Rosenthal, J.) (citing *Fogleman*, 920 F.2d at 285–86). If a deposition "could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Baisden*, 793 F. Supp 2d at 976 (citing *Fogleman*, 920 F. 2d at 285). The court finds that the stenographic transcript and videotaped depositions in this case could have been reasonably expected to be used in trial or trial preparation. As such, the costs and fees are recoverable.

The Chembulk Interests have cited *Baisden* and *Crevier-Gerukos* (among others) in support of their transcript and deposition costs. A review of the costs awarded in both cases supports that (1) such costs are recoverable and (2) the amounts requested in the instant case are reasonable. In *Baisden*, the court allowed $40,959.10 in costs for twenty-one deposition transcripts and eleven deposition videos. In *Crevier-Gerukos*, the court allowed $3,922.70 in costs for two deposition transcripts and one deposition video. Here, the costs total $25,846.80 for sixteen deposition

9

transcripts and fifteen deposition videos. Dkt. 83-3. Given the large number of depositions that were reasonably necessary in this case and the range of costs awarded in prior cases, the court holds that the Chembulk Interests have met their burden of supporting their costs for depositions.

Shipping costs are "part of the expense in obtaining deposition transcripts for use at trial." *Zubarik*, 2007 WL 9712170, at *3. The Monte Alegre Interests reference *Interstate Contracting Corp. v. City of Dallas*, in which the court did not allow the recovery of delivery charges because it determined that such charges were not included in § 1920. No. Civ. A. 3:98CV2913-M, 2002 WL 2366976, at *2 (N.D. Tex. Jan. 31, 2002). However, *Interstate Contracting* can be distinguished because the delivery charges were for "expenses related to the delivery of documents produced during discovery," which is a more general category of expenses. *Id.* The court in *Interstate Contracting* correctly held that for "documents produced during discovery," expenses such as postage and mailing fees are overhead expenses that are not specifically enumerated within § 1920. *Id.* at *4. However, because the shipping costs in this case were used in obtaining deposition transcripts that were reasonably necessary for litigation, the court finds that these costs were related to litigation expenses rather than non-recoverable overhead. As such, the shipping costs for depositions should be included within the total charges taxed to the Monte Alegre Interests.

In their objections, the Monte Alegre Interests point out that costs for the deposition transcripts and videos for Mr. Mangriotis and Mr. Wilske are not included in the submitted bill of costs. Dkt. 84 at 3. As these costs were not contained in the submitted bill of costs, the court will not address them.

Accordingly, the Monte Alegre Interests' objection is OVERRULED. The clerk shall tax $23,111.71 in court reporter and videographer costs (the full costs charged, less the $2,735.09 stipulated to by both parties).

## IV. Conclusion

The Monte Alegre Interests' objections are SUSTAINED IN PART and OVERRULED IN PART as follows:

    i. The objection to $1,425.00 of the costs for a private process server is SUSTAINED.

    ii. The objection to $3,624.83 of the costs for copying is SUSTAINED IN PART and OVERRULED IN PART. The clerk shall tax **$1,164.93** in copying costs.

    iii. The objection to $23,111.71 of the costs for a court reporter and videographer is OVERRULED. The clerk shall tax **$23,111.71** in costs for a court reporter and videographer.

The Chembulk Interests do not object to the $400.00 cost for fees of the clerk. Accordingly, the clerk shall tax costs of **$400.00** for the fees of the clerk.

In total, after resolving all objections, the clerk shall tax costs of **$24,676.64**.

Signed at Houston, Texas on August 8, 2018.

                                            Gray H. Miller
                                     United States District Judge